
# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ARMELIA BAILEY, ) | |
| ) | |
| Plaintiff, ) | Case No. 02-C-8957 |
| ) | |
| v. ) | Hon. Joan Humphrey Lefkow |
| ) | |
| CARMAX, INC., ) | |
| ) | |
| Defendant. ) | |

**FILED** JAN 15 2003 MICHAEL W. DOBBINS, CLERK, U.S. DISTRICT COURT

**DOCKETED** JAN 30 2003

## NOTICE OF MOTION

TO: Daniel J. Kucera
Chapman & Cutler
111 West Monroe Street
Suite 1600
Chicago, Illinois 60603

PLEASE TAKE NOTICE that on Tuesday, January 28, 2003, at 9:30 a.m., or as soon thereafter as counsel may be heard, the undersigned will appear before the Hon. Joan Humphrey Lefkow or any judge sitting in her stead, and then and there present the attached Motion to Dismiss and Compel Arbitration, a copy of which is hereby attached and served upon you.

Dated: January 15, 2003

Respectfully submitted,

CARMAX, INC.

By: /s/ Brian R. Carnie
One of the Attorneys for Defendant

Jeffrey S. Goldman
Brian R. Carnie
WILDMAN, HARROLD, ALLEN & DIXON
225 West Wacker Drive
Chicago, Illinois 60606-1229
(312) 201-2000

10

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that true and correct copies of the foregoing Notice of Motion and Motion to Dismiss and Compel Arbitration have been served this 15th day of January, 2003, via U.S. first-class mail, postage prepaid to:

>Daniel J. Kucera
>Chapman & Cutler
>111 West Monroe Street
>Suite 1600
>Chicago, Illinois 60603

*Brian R. Carnie*
Brian R. Carnie



**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ARMELIA BAILEY, | ) |
| | ) |
| Plaintiff, | ) Case No. 02-C-8957 |
| | ) |
| v. | ) Hon. Joan Humphrey Lefkow |
| | ) |
| CARMAX, INC., | ) |
| | ) |
| Defendant. | ) |

FILED JAN 15 2003 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

**DOCKETED JAN 3 0 2003**

### DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION

Defendant CarMax, Inc. ("CarMax"), by its attorneys, pursuant to 9 U.S.C. §§ 1-16 and Rule 12(b)(1) of the Federal Rules of Civil Procedure, moves for entry of an order dismissing the Complaint of Employment Discrimination filed by Plaintiff, and compelling Plaintiff to arbitrate her claims against CarMax. In support hereof, CarMax states as follows:

1. On December 11, 2002, Plaintiff filed a *pro se*[1] Complaint for Employment Discrimination ("Complaint") against CarMax. In her Complaint, Plaintiff alleges (1) color discrimination under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981; and (2) race discrimination under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.

2. On July 18, 2000, as part of her efforts to obtain employment with CarMax, Plaintiff executed the CarMax Dispute Resolution Agreement, a true copy of which is attached as Exhibit A to the Declaration of Michelle M. Halasz.[2] The Dispute Resolution Agreement establishes and sets forth Plaintiff's and CarMax's agreement to arbitrate certain disputes. *Id.* A

---

[1] Although Plaintiff originally filed this matter pro se, Plaintiff has since been appointed counsel by the Court.
[2] The Declaration of Michelle M. Halasz, Associate General Counsel for CarMax, is attached hereto.



true and correct copy of CarMax's Dispute Resolution Rules and Procedures, which are incorporated into the Dispute Resolution Agreement, are attached as Exhibit B to the Declaration of Michelle Halasz.

3. The Dispute Resolution Agreement includes provisions requiring final and binding arbitration of:

> "any and all previously unasserted claims, disputes, or controversies arising out or relating to [Plaintiff's] application or candidacy for employment, employment and/or cessation of employment with CarMax," and,

> "[b]y way of example only, such claims include claims under federal, state and local statutory or common law, such as the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, the Americans with Disabilities Act, the Family Medical Leave Act, the law of contract and law of tort."

(Ex. A at 2). Plaintiff further agreed in writing that "if I do file a lawsuit regarding a dispute arising out of or relating to my application or candidacy for employment, employment or cessation of employment, ***CarMax may use this Agreement in support of its request to the court to dismiss the lawsuit and require me instead to use arbitration.***" *Id.* (emphasis added).

4. The CarMax Dispute Resolution Agreement states that the arbitration proceedings are to be governed by CarMax's Dispute Resolution Rules and Procedures, Exhibit B to the Declaration of Michelle M. Halasz.

5. When Plaintiff executed the Dispute Resolution Agreement, she acknowledged receipt of a copy of the "Dispute Resolution Rules and Procedures" describing in detail the arbitration program and the scope of disputes subject to arbitration. ("Included with this application is the CarMax Dispute Resolution Rules and Procedures. You should familiarize yourself with these rules and procedures prior to signing the Agreement. If the Rules and

Procedures are not included in this booklet you must request a copy from a CarMax representative prior to signing the Agreement."). See Exhibit A, p. 2.

6. Participation in the Dispute Resolution Agreement was voluntary, as Plaintiff was given three days within which to withdraw her consent to arbitration, and her application for employment, and thus avoid being bound by the arbitration program. See Exhibit A, p. 2. Plaintiff did not withdraw her consent to arbitration or withdraw her application for employment. *See* Declaration of Michelle M. Halasz.

7. CarMax terminated Plaintiff's employment on June 7, 2001. Complaint ¶ 13. Shortly thereafter, Plaintiff filed a charge of discrimination against CarMax with the U.S. Equal Employment Opportunity Commission ("EEOC"). Complaint ¶ 7; Charge of Discrimination (attached to Complaint).

8. Plaintiff received a Dismissal and Notice of Rights letter ("Dismissal") from the EEOC concerning her charge on September 25, 2002. Complaint ¶ 8; Dismissal and Notice of Rights (attached to Complaint).

9. Rather than submitting her claims to arbitration, as required under the Dispute Resolution Agreement, Plaintiff filed the instant lawsuit.

10. The claims and issues set forth in the Complaint are covered under and are subject to arbitration under the Dispute Resolution Agreement, and as such, the Dispute Resolution Agreement mandates that the claims and/or issues set forth in the Complaint be submitted to arbitration.

3

11. The Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, "compels judicial enforcement of a wide range of written arbitration agreements," including the Agreement between Plaintiff and CarMax. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 111, 121 S.Ct. 1302, 1307 (2001).

12. The United States Supreme Court has made it clear that the liberal federal policy favoring arbitration is applicable to agreements entered into between employers and applicants or employees. *Circuit City Stores, Inc. v. Adams*, 532 U.S. at 123, 121 S.Ct. at 1313 (2001); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991).

13. This Court should compel the parties to arbitrate their dispute. Plaintiff voluntarily agreed to be bound to the arbitration component of her employment application and she did not withdraw her consent to this promise when provided with the opportunity to do so. Thus, Plaintiff agreed to proceed to arbitration with employment-related claims, rather than pursue a lawsuit regarding such matters.

14. Because all of Plaintiff's claims against CarMax are clearly within the scope of CarMax's Dispute Resolution Agreement, the Court should dismiss the Complaint and compel arbitration. *See e.g., Medina v. Hispanic Broadcasting Corp.*, 2002 U.S. Dist. LEXIS 4059 (N.D. Ill. March 12, 2002) (granting employer's motion to dismiss the complaint and compel arbitration, holding that "an action may be dismissed when all the claims within it are subject to arbitration...staying the action would serve no purpose."); *Stewart v. Molded Plastic's Research of Ill., Inc.*, 2001 U.S. Dist. LEXIS 20985 (N.D. Ill. Dec. 14, 2001) (granting employer's motion to dismiss the complaint and compel arbitration because the employee agreed to arbitrate his claims); *Whitney v. Peregrine Sys.*, 2001 U.S. Dist. LEXIS 19288 (N.D. Ill. Nov. 13, 2001)

4

("When all of the issues raised in the complaint are subject to arbitration, it is proper for the court to simply dismiss the case").

**WHEREFORE**, CarMax respectfully requests that the Court dismiss Plaintiff's Complaint for Employment Discrimination in its entirety, and enter an order compelling Plaintiff to arbitrate her claims.

Dated: January 15, 2003

Respectfully submitted,

CARMAX, INC.

By _____
One of its Attorneys

Jeffrey S. Goldman
Brian R. Carnie
WILDMAN, HARROLD, ALLEN & DIXON
225 West Wacker Drive
Chicago, Illinois 60606
(312) 201-2000

5

# SEE CASE FILE FOR EXHIBITS